UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHEILA DIANE SPECK and husband,<br>ERIC SPECK,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES POSTAL<br>SERVICE, and THE UNITED STATES<br>of AMERICA, d/b/a THE UNITED<br>STATES POSTAL SERVICE, and<br>JERALYN HENDRICKSON, individually<br><br>    Defendants. | Docket No. 3:21-cv-00406<br>JURY DEMANDED |

## COMPLAINT FOR DAMAGES

Come now SHEILA DIANE SPECK and husband, ERIC SPECK, by and through her attorneys, and for their cause of action against the Defendants would show the Court as follows:

### I. PARTIES AND JURISDICTION

1. The Plaintiff, SHEILA DIANE SPECK ("Ms. Speck"), and husband, Plaintiff, ERIC SPECK ("Mr. Speck"), are citizens and residents of 122 Center Road, Madisonville, Monroe County, Tennessee 37354. At all times relevant and material herein, the Plaintiffs were and are husband and wife.

2. The Defendants, THE UNITED STATES GOVERNMENT and THE UNITED STATES POSTAL SERVICE, are governmental entities subject to the Federal Tort Claims Act and subject to the jurisdiction of this Court (28 U.S.C. §1346(b)).

3. The Defendant, JERALYN KAYLA HENDRICKSON, ("Ms. Hendrickson") is a citizen and resident of 216 Allen Court, Maryville, Tennessee 37804. At all times relevant herein, Ms. Hendrickson was operating a 2015 Volkswagen Golf and was an employee of the

United States Postal Service operating within the scope and duties of her employment.

4. At all times herein, Ms. Hendrickson, was the operator of the 2015 Volkswagen Golf that collided with Ms. Speck and was the cause to Ms. Speck's injuries.

5. The incident herein involved did occur in Blount County, Tennessee.

6. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

## II. FACTS

7. The Plaintiffs re-allege and incorporate by reference each of the paragraphs above as if set forth in full.

8. This claim arises from injuries and damages sustained by Plaintiff as a result of a motor vehicle collision that took place on or about December 2, 2019, on West Broadway Avenue, Maryville, Tennessee. This collision was caused by the actions of Ms. Hendrickson. At all times immediately prior to, and during the collision, Ms. Hendrickson was an employee of the United States Postal Service, and was acting within the course and scope of her employment with the Postal Service.

9. On or about December 2, 2019, the Plaintiff, Ms. Speck, was operating her 2020 Jeep Wrangler in an easterly direction on West Broadway Avenue, Maryville, Tennessee.

10. Ms. Hendrickson, was operating a 2015 Volkswagen Golf in a westerly direction on West Broadway Avenue. Ms. Hendrickson, attempted to make a left turn onto Sandy Springs Road, crossed into Ms. Speck's lane of travel and collided with Ms. Speck's car.

11. As the proximate and direct result of this collision caused by Ms. Hendrickson, Ms. Speck suffered serious and permanent bodily injuries, as well as property damage to her vehicle.

12. The Plaintiff's filed their administrative claim on or after December 1, 2020, which was timely pursuant to 28 U.S.C. § 2401(b). As of the date of the filing of this Complaint, the applicable agency's rejection period has expired on of after October 7, 2021. Wherefore, Plaintiff brings this Complaint within six (6) months or October 7, 2021 under the Federal Tort Claims Act.

### III. CAUSES OF ACTION

13. The Plaintiffs re-allege and incorporate by reference each of the paragraphs above as if set forth in full.

14. Acts of negligence, under the common law, committed by Ms. Hendrickson and imputed to Defendants, The United States Postal Service and The United States of America, include, but not limited to the following: (a) failure to keep a proper lookout ahead; (b) failure to deviate, change or alter her course of travel when she knew or should have known by the exercise of due care that a collision was imminent; (c) failure to operate the vehicle in a safe and proper manner considering the circumstances then existing at the time; (d) failure to use due and reasonable care in the driving of the vehicle, so as to avoid injury to other persons using the roadway; (e) failing to yield right-of-way and therefore traveling into Ms. Speck's lane of travel; (f) failure to drive the vehicle in a safe and proper manner; (g) operating the vehicle in a reckless and careless manner; and (h) failure to use due and reasonable care in the driving of the vehicle, so as to avoid injury to other persons.

15. The common law acts of negligence by Ms. Hendrickson were the direct and proximate cause of the collision and resulting injuries sustained by Ms. Speck.

16. Acts of negligence, under the Tennessee Code Annotated, which were in full force and effect at the time of the collision, committed by Ms. Hendrickson and imputed to

Defendants, The United States Postal Service and The United States of America, include, but not limited to the following: The statutes are as follows: (a) T.C.A. § 55-8-136(6) – Drivers to exercise due care; (b) T.C.A. § 55-10-205, Reckless driving; (c) T.C.A. §55-8-129 – Vehicle turning left at intersection; and (d) T.C.A. § 55-8-109 – Obedience to traffic control device.

17. The violation of these statues by Ms. Hendrickson was negligence *per se* which proximately caused the collision and resulting injuries sustained by Ms. Speck.

18. Ms. Hendrickson failed to conform the operation of her vehicle to the duties imposed by the statues. The violation of these statues by Ms. Hendrickson was negligence *per se* which directly and proximately caused the collision.

19. Because of the collision caused by Ms. Hendrickson, Ms. Speck received serious and permanent personal injuries, as well as property damage to her vehicle.

20. Ms. Hendrickson was at the time of the aforesaid collision operating the 2015 Volkswagen Golf that collided into Ms. Speck's vehicle causing her permanent and serious injuries.

21. As a direct and proximate result of the collision caused by the negligence and/or negligence *per se* of Ms. Hendrickson, Ms. Speck has received serious personal injuries, some or all of which are permanent, including: (a) abdominal trauma; (b) chest trauma; (d) chest wall contusion; (e) right breast pain; (f) right rib pain; (g) shortness of breath; (h) pneumomediastinum; (i) elbow trauma; (j) physical pain and mental anguish, past and future; (k) impaired ability to enjoy the normal pleasure of life; (l) lost wages; (m) necessary and reasonable medical expenses; and (n) future medical expenses will be required. Those injuries resulted in medical treatment and care and Ms. Speck has incurred significant medical expenses for the treatment of her injuries.

22. As a result of these injuries, medical expenses have been incurred for treatment and will continue to be incurred in the future. Ms. Speck has suffered physical pain and will continue to suffer such pain in the future. Further, Ms. Speck has suffered a loss of enjoyment of life and will continue to suffer same in the future, as well as a loss of income and will continue to suffer the same in the future.

23. Additionally, Ms. Speck has suffered permanent injury, physical pain and mental suffering, loss of income, and loss of her enjoyment of life and will continue to suffer from these injuries in the future. Ms. Speck is continuing to be treated for these injuries.

24. As a result of this collision, Ms. Speck's vehicle was damaged.

25. As a direct and proximate result of the negligence and carelessness of the Defendants, Mr. Speck was required to miss work and care for his wife and has been and will be deprived of his wife's services, comfort, society and attention, and has or will incur the reasonable value or expenses of hospitalization and medical care and treatment necessarily or reasonably obtained by his wife in the past or to be so obtained in the future.

26. Ms. Hendrickson operated her 2015 Volkswagen Golf at all relevant times prior to, and during, the collision as an employee of the United States Postal Service and within the course and scope of her employment and her authority as an agent and employee of the United States Postal Service and the United States of America, who are responsible for the acts of Ms. Hendrickson under theories of agency, *respondeat superior*, and vicarious responsibility.

27. Additionally, and/or in the alternative, Ms. Hendrickson operated the 2015 Volkswagen Golf prior to and at the time of the collision for her private purpose.

## IV. PRAYERS FOR RELIEF

WHEREFORE, premises considered, the Plaintiff, SHEILA SPECK, and husband, ERIC

SPECK demand judgment against the Defendants as follows:

1. That process issue and be served upon the Defendants and that the Defendants be required to appear and answer this Complaint within the time required by law; and,

2. That the Plaintiff, SHEILA SPECK, be awarded damages in the amount of $300,000.00; and,

3. That the Plaintiff, ERIC SPECK, be awarded damages in the amount of $50,000.00; and,

4. That the Plaintiff's retain the right to amend the Complaint in this civil action as further discovery and the trial may necessitate; and

5. That a jury be empaneled to try all issues in this cause; and,

6. That the costs of this cause be taxed to the Defendant, including any discretionary costs; and

7. For general relief.

Respectfully submitted.

                                              WORTHINGTON & WEISS, P.C.

                                              s/W. Tyler Weiss
W. TYLER WEISS [BPR No. 028801]
409 N College Street, Suite 1
Madisonville, TN 37354
Office: (423) 442-5353
Fax:    (423) 442-3866
Email: tweiss@worthingtonweiss.com
*Counsel for Plaintiffs*